# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:02 CR 40 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL STUBBS, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, Michael Stubbs' Motion seeking judicial intervention and recommendation for Residential Reentry Center placement. (ECF #940). Mr. Stubbs was originally sentenced to serve 140 months in the Bureau of Prisons ("BOP"), and he was recommended for participation in intensive drug treatment program. (ECF #489). Post-conviction, Mr Stubbs filed a Motion to Vacate under 28 U.S.C. §2255, which was denied. (ECF #642, 646, 647). He also twice sought a sentence reduction under 18 U.S.C. §3582(c)(2), once when the crack cocaine sentencing guidelines were revised, and once following the Supreme Court's decision in *Freeman v. United States*, 131 S. Ct. 2685 (2011). (ECF #773, 875). Both motions were denied. (ECF #774, 882).

Following his original release from prison, Mr. Stubbs was found to be in violation of the terms of his supervised release, and was sentenced to an additional forty-eight months in the

BOP, with no supervision to follow. (ECF #907, 908). He filed a Motion to Vacate, Set Aside or Correct this sentence under 28 U.S.C. §2255, which was denied. (ECF #912, 920).

Mr. Stubbs is now seeking the Court's intervention in obtaining an extended (twelve month) placement at a halfway house under the Second Chance Act of 2007. Whether an inmate is placed in a community correctional facility and how much of his sentence is served there is within the BOP's discretion. 18 U.S.C. §3621(b). While the BOP must consider any statement that Court may have made as to the "type of penal or correctional facility," when determining an inmates placement and programming at sentencing, it is unclear whether district courts have any authority to make such recommendations when acting on post-sentencing motions. See, 18 U.S.C. § 3621(b).

Some courts within the Sixth Circuit have made post-sentencing statements to the BOP recommending, but not ordering, that a defendant be released to a residential re-entry program. *See, e.g., United States v. Ahmed*, No. 1:07CR00647, 2017 WL 5166427, at *1 (N.D. Ohio Nov. 8, 2017); *United States v. Bartels*, No. 1:12CR20072, 2016 WL 6956796, at *1-2 (E.D. Mich. Nov. 29, 2016); *United States v. Marshall*, No. 2:16CR00096, 2018 U.S. Dist. LEXIS 10499 (E.D. Tenn. Jan. 23, 2018). Other courts within the Sixth Circuit have found that they lack authority to make any such recommendations after sentencing. *See, e.g., United States v. Tipton*, NO. 1402142, 2018 U.S. Dist. LEXIS 49178 at *2 (E.D. Mich. Mar. 26, 2018). Whether or not the Court has the authority to make a recommendation that Mr. Stubbs be placed in a residential re-entry program, or to recommend a specific length of time he should be allowed to participate in such a program, no such recommendation would be binding on the BOP. In this particular case, the Court neither opposes nor recommends Mr. Stubbs' placement in a halfway house. The

BOP is in the best position to make a determination as to the appropriateness of his request based on Mr. Stubbs individual circumstances and the availability of resources. The Court has no objection to their decision on the matter, whatever it may be.

For the reasons set forth above, the Defendant's Motion, (ECF #940), is DENIED. IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: September 20, 2019